The next case today is Caleb Neira Rivera v. Scotiabank de Puerto Rico, Appeal No. 20-9003. Attorney Rickehoff, please introduce yourself for the record and proceed with your argument. May it please the court. Good morning. Good morning, Counselor. Thank you. This is Attorney Germán Rickehoff representing the appellant Caleb Neira. Your Honors, we come before this honorable court because the bankruptcy court's denial of my client's objection to Scotiabank claims No. 10 in the 2018 bankruptcy case has aggrieved him and the harm may become irreparable if it is not corrected. The grievance consists of the effect of the bankruptcy court's error regarding that objection to claim. What the bankruptcy court's decision does is that it recognizes the existence of a debt that was discharged many years ago. It also validates the bank's relitigation of issues that were contested and decided on the merits in the 2012 bankruptcy case. It also empowers the bank to complete foreclosure proceedings and evict the appellant from his home to execute a debt that simply does not exist. That is the reason why we are presenting to the court, we submit that he has been aggrieved by the bankruptcy court's order and possesses the necessary appellate standing under the aggrieved person standard, I believe first set out by this court in the El San Juan Hotel case. Your honors, this is not a speculative or contingent harm. Without a legally correct decision on the discharged debt, my client simply cannot defend himself in the foreclosure and eviction proceedings. This is not a matter that simply affects the state court proceedings. It is the end all be all. It decides the state court proceedings. How does the order that you are appealing from do you any harm? All the order did was to say that the additional amount of the mortgage over and above the amount that the property was sold for is an unsecured debt. There were no assets. Your client received a discharge, so how would reversing that order do anything for you? Your honor, it recognizes, it validates a debt that should not exist and it impedes my client from arguing in state court this debt does not exist. The state courts have been misled into believing that with the dismissal of the 2012 case, the parties returned to the place where they were before the bankruptcy case was filed. That is not the case. The reason why we need a correct decision on this issue is to decide whether that debt in fact was discharged or it still exists today. You brought that matter to the commonwealth and you claimed that they erred. Wouldn't it be up to the commonwealth supreme court to correct any lower court error if they agreed with you? They haven't even addressed the issue, your honor. They just don't address the issue at all. Also, I would submit to the court that this should be... Does that mean that they're just not buying the argument? We're without resort to correct a commonwealth judgment. Your honor, we're not asking for this court to correct the commonwealth judgment. We want a correct decision on the bankruptcy court's order. That's the only thing we're asking. We just want the panel. You're only saying that that helps you because of the influence it may have on what the commonwealth court does. Is that right? That's correct. The grievance is strictly a state court... But it's not... This particular order you're appealing is not preclusive in a legal sense under commonwealth law of what the commonwealth court can do, is it? Well, my client can... Even with this order in place, the commonwealth court could still rule in your favor, correct? In fact, you've been arguing it should. But it won't, your honor. It won't because as long as... Legally it could though, right? Even if this order doesn't change legally, it could come out your way. Technically, I suppose it could. The problem is that it won't. The state court won't if it sees that the objection to claim has been denied. Therefore, recognizing the existence of a debt. The only defense that my client has in state court is the discharge of this debt. This matter decides everything in state court. And the state courts are not even addressing the matter, your honor. I have been unable to find... But why aren't they addressing it? I assume they're not addressing it because they don't think it has merit. Or they disagree with your interpretation of what the voluntary dismissal of your 2012 petition means. You have an interpretation which says some of those things because of the way the wherefore clause is set up. That it wiped out the debt. Obviously, your brother and sister counsel disagrees with that. And says it merely returned the debtor and creditors back to status quo. Which means the debt is still intact. Sure, your honor. Of course, the state court decisions suggest that they do not agree that the debt was discharged. But that's a mistake. That's what we want the panel to decide. You argued this question earlier in the federal district court in Puerto Rico. And the district court explicitly rejected your argument. Why isn't that reclusive of reopening that question here? Quite apart from whatever the state court might have done. The district court said explicitly, the court concludes that the bankruptcy court's order granting plaintiff's objection to SCOTIA's proof of claim is not a judgment to discharge the debt to SCOTIA Bank. That was the exact holding of the district court. It wasn't appealed. Why doesn't that preclude this issue? It is a mistake on the part of the federal court as well. But that's what the appellate court is for. You appeal if you disagree. But you appeal in a timely fashion the particular judgment that you disagree with. Regardless of whether that could have been appealed or not, your honor, and I was not an attorney in the case at that time. There is a harm with this order of the bankruptcy court now. And the decisions of both the federal court and the state courts before were based on a mistake in interpretation of the bankruptcy court record. I have been unable to find any legal authorities that are directly on point in terms of the appellate standing needed in a situation just like this. The courts that have looked at appellate standing where the party claiming a grievance is a state court case party have determined no appellate standing because the harm was not imminent or was not direct enough. In reviewing some of those cases, I did find some unpublished opinions which compared the standard in these cases to the standard of a party in interest trying to oppose the reopening of a bankruptcy case and the standing that it might have. So I'd like to refer the court to two such cases which I'll be submitting in a 28-J letter. And if I may have one more minute to go quickly about these cases. In Lewis, these are Inray Lewis 273 bankruptcy reporter 739. In Lewis, a plaintiff brought a wrongful death suit but failed to disclose it as an asset in her bankruptcy court case. The wrongful death defendants argued that the plaintiff was stopped from claiming that they were liable because she did not disclose it in her bankruptcy case, the lawsuit against them. The plaintiff moved to reopen the bankruptcy court case so that she could disclose the lawsuit. The Lewis court found that the wrongful death defendants had standing to oppose the plaintiff's attempt to reopen her bankruptcy case because they could be impacted by the outcome of the decision in their wrongful death case. The court said and I quote the current procedural posture of both the bankruptcy case and the state court case give the wrongful death defendants standing to appear and be heard on the debtor's motion to reopen because of the potential impact her motion has in both forums and particularly because of the impact it may have on the continuation of the state court action. If the order you are challenging here had come out the other way, if you got the ruling you would want it below, would that have had any legal consequence in the commonwealth proceeding? Yes your honor that's exactly our position. It would have had to have been concluded, it would have been bound to have concluded that the debt had been discharged? Yes your honor, yes that is our position. The appellant would then be able to go into state court and show that there is no debt upon which to… Your position is that the commonwealth court would have been legally bound by that federal ruling if it hadn't been appealed by the other side of the final judgment that the debt had been discharged and the local court would be bound to follow that? Yes your honor. Simple in my sense you are just saying well then you must agree because there was a ruling that if it came out your way now would be dispositive in your favor in the commonwealth court? And your honor in that case the bank would be able to appeal that decision. Now one further thing, there is a reference in the BAPT opinion to the possibility that the subsequent discharge order moots this case. So that's different than the idea that you don't have standing but the idea is that the case has been mooted by that discharge order. They say it may have mooted it but they don't have to decide that because you weren't aggrieved. But if you are aggrieved as you are contending we can't avoid the article 3 mootness issue. So why doesn't that subsequent discharge moot this whole thing anyway? Because it's not about the discharge itself it's about the consequence the court order now has on the objection to the claim recognizing a debt that doesn't exist. Thank you counselor. Thank you. Thank you attorney Rickahoff. You can mute your audio and video at this time. And attorney Vasquez you can unmute your camera and you should be appearing by telephone as well. Yes. Can you hear me correctly? Yes. Just keep your voice up. Okay I will. Good morning your honors again. This is attorney Vasquez on behalf of Social Bank of Puerto Rico now Oriental Bank aptly in this case. First and foremost we must reaffirm our position as stated in our brief that we never lacked standing to bring this appeal to the circuit court. The history in this case illustrates why debtors fail to bring the court a justifiable claim. And his failure resides in the fact that he declined to appeal first the district court judgment dismissing his request for the casualty judgment. He failed and declined to appeal the order to lift state in favor of the actual property holder. He declined to appeal the bankruptcy court determination that he does not hold an equitable interest over the property. He declined to appeal the trustee's notice of abandonment of non-exempt property. He declined to appeal the court's determination that the foreclosure in 2006 was a valid foreclosure. And he declined to oppose the trustee's report as commissioned by the bankruptcy court which states that the property is of no value to the state and not subject to administration. Now what he does have in fact right now as it stands is only a challenge to an unsecured claim in chapter 7. And he cannot erase that. As Judge Thompson correctly assessed he wants to propose that the mortgage that was discharged in 2012 when he never obtained a discharge order. What he's doing is that through the language used in the wherefore of the original objection to the claim which at the bankruptcy of 2012 it was claim number 10. The attorney included some language which was contrary to what he was asking the court. He was telling the court that Scotiabank filed the claim without including evidence of security. The claim as filed included the mortgage note, included the promissory note, but it did not include a title study or a certificate of the registry. So what he asked the court to state was that it should be disallowed because it didn't include evidence of security. Nonetheless in the wherefore he requested two things that are contrary to law. One of them is that Scotiabank would be barred from amending its claim and secondly that it be forever discharged even if the case was dismissed. Now we believe that using a backdoor to discharging claims and debts without actually satisfying the requirements of the bankruptcy code. And bankruptcy is not a right, it's a privilege. But those are just merits points. If the order that he's challenging here had come out in his favor, and I realize you're making arguments why it never should come out in his favor, but if it had come out in his favor, what would the effect of that have been for him? The state courts have addressed this issue contrary to what counsel has stated. He challenged through a relief of judgment case in the foreclosure case and filed three separate relief judgment cases. If this order had come out the other way, what effect would that have in state court in your view? The state would probably have concluded that the mortgage had been discharged. Well then doesn't that suggest he does have appellate standing? Because whether he's got a good merits argument or not, that suggests that if he got the order reversed so that he got the outcome he thinks he should have gotten in that order, it would have benefited him in state court. It would have benefited him if he acted kindly on the other issues that were before the court. When the order to lift state was issued in May of 2020, he needed to appeal that order. But he did not appeal that order and the new property owner was appealing on that. If the bankruptcy court had ruled against you here on this order and ruled in favor of him, I thought you just said if that had happened, that would have benefited him in state court because the state court would have given effect to that. The state court would have opened the case and we would have to submit a memorandum of law. I'm not 100% sure if they would have reversed everything because the foreclosure is prior to the 2012 bankruptcy. Doesn't that suggest that he lost something that he could have gained by the ruling below and therefore has been aggrieved in the sense that he can appeal it? If not, why not? I don't quite follow. He, I don't think, well, he lost something. I mean, but he lost it a long time ago. He's only appealing the objection to the claim, to an arms issue claim. You're saying that even in spite of what he didn't do earlier, if he had won on this order, that alone would have helped him in the commonwealth courts. Not with standing in prior history. I'm not 100% sure because state courts, when they address this issue, they ask Scotiabank... Ms. Vasquez, did you hear Judge Barron? Yes, yes. I'm trying to answer. When the state courts address this issue, they ask the parties and specifically Scotiabank to provide evidence of the security and that it had at all times been recorded, their mortgage. And that was provided at each and every turn at each and every one of the state court cases. So I'm not sure if it would have had an effect or not. Because the state court has in fact... Four minutes remaining. The state court has in fact reviewed the evidence to demonstrate that we were never unsecured. That their objection to claim in 2012 was without merit. So they have addressed that issue. I cannot say how the court would find. I think maybe they would reopen the case and ask the parties to file memorandums of law. But three separate state courts have reviewed the registry documents. And they have found and determined that Scotiabank claims have at all times been recorded. Does the bank's statement to the bankruptcy court that it should be treated as unsecured because you had looked and could not find evidence of recording, is there any kind of judicial estoppel? No, your honor. What happened is not judicial estoppel because it was not a response to the objection to a claim. It was a statement made in another motion for release of state. Nonetheless, it was made out of confusion, your honor. Because the debtor's attorney in that bankruptcy provided the Scotiabank attorney with some images from the registry. It was print screens that appeared to have been like the debt with Scotiabank had been cancelled. The primary ferry note had been cancelled. But that was not the case. What had been cancelled was a previous note. A note not Scotiabank's note. And we had to go to the registry and request clarification of that. Which took some time. But at that point, it was 2012 and things were just getting, you know. There was a new law with the registry of the property that was effective in 2010 and it started in 2011. To record everything that was in backlog with the registry of the property. So it took some time between 2011 and 2012 and 2013 to get everything clarified. When we found out that what debtor had produced was evidence of a cancellation of a previous note, not our note. Then everything was fine and we cleared the matter up. And on the second bankruptcy which was filed in 2015, we had that evidence. But he dismissed the case even before filing his schedule and even before holding a 341 meeting with creditors. So we contend that it was a confusion by counsel that appeared on behalf of the bank in 2012. But it was actually not a judgment on the merits because it was part of an expression made on another motion. Not on the response to the objection to the claim. Hasn't this exact issue been litigated already in the United States District Court in this 2018 case? And you won and there was no appeal? Exactly. That's what I'm saying that they have no justifiable claim. Because if they wanted to appeal this decision, they had to do it either with the judgment dismissing the case in 2018. Just technically that's not a standing point though, that's a merits point, isn't it? Well no, it's standing because it's long gone. If they had to appeal, well yeah, they had to do so in 2018. And then he'd lose on appeal because of preclusion. That's different than what the BAP did. The BAP said he didn't have appellate standing. Well because it's now a Chapter 7 case and our debt is unsecured. And since it's a Chapter 7 case and this property was not part of the bankruptcy estate. But if the order below went in his favor, that order, I thought you were suggesting, would give a commonwealth court a reason to think the debt had been discharged. Notwithstanding all the cases saying that it hadn't been. And that's what he wants to address on appeal. It may be he loses on appeal because of preclusion. But that's a different argument that he doesn't have appellate standing to make the contention. Well I don't think he has appellate standing because the time expired for him to do so. That's what I'm saying. He doesn't bring a justifiable claim because in this bankruptcy when he's addressing that issue, this property is not part of the estate. And he never challenged that determination that the property is not part of the estate. He had to challenge that determination in order to have standing in this case. And he never did. So if that property is not part of the estate, whatever happens, he cannot challenge it. And the trustee, the court even commissioned, the bankruptcy court commissioned a report from the trustee to have his position on the matter. And counsel for debtor did not include it on the record on appeal. We included it. And the trustee said, he reaffirmed the court's determination that the property was not property of the estate. So it never entered the bankruptcy estate, so his challenge now is completely moot. He doesn't have standing. His opportunity expired. Thank you counsel. Thank you. Dan? I'm sorry Judge, I had trouble unmuting. That concludes the argument in this case. Attorney Rickahoff and Attorney Vasquez, you should disconnect from the hearing at this time.